IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES INC., <br><br> Plaintiff, <br><br> v. <br><br> THERMO FISHER SCIENTIFIC INC., <br><br> Defendant. | Civil Action No. 16-358-RGA |

MEMORANDUM ORDER

Presently before me is Defendant Thermo Fisher Scientific Inc.'s Motion to Dismiss Plaintiff Bio Rad Laboratories, Inc.'s willful infringement claim. (D.I. 11). The briefing is complete (D.I. 12; D.I. 13; D.I. 14). For the reasons set forth below, Defendant's Motion is **DENIED**.

I. **LEGAL STANDARD**

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

1

action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. DISCUSSION

"A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). *See also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). At the pleading stage, it is not necessary to show that the case is egregious. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016) ("Consistent with nearly two centuries of enhanced damages under patent law, however, such punishment should *generally* be reserved for egregious cases typified by willful misconduct." (emphasis added)).

2

The following alleged facts are highly relevant. Bio-Rad's complaint alleges that Bio-Rad gave Thermo Fisher notice of its infringement of the patent-in-suit as early as March 2013. (D.I. 9 ¶ 25). On January 2014, proposed licensing terms were sent to Thermo Fisher. (*Id.*). On May 6, 2015, Bio-Rad sent a letter to Thermo Fisher of a reminder that sales of the accused products constitute infringement of the patent-in-suit. (*Id.*). Bio-Rad alleges that Thermo Fisher, or one of its subsidiary or affiliated companies directed the filing of the opposition to a European patent that is a counterpart to the patent-in-suit. (*Id.* ¶¶ 28–29). Accused products continue to be sold. (*Id.* ¶ 27).

Bio-Rad has sufficiently alleged that Thermo Fisher had willfulness. On these facts, it is plausible that Thermo Fisher intentionally or knowingly infringed the patent-in-suit. *See Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729, at *6 (S.D.N.Y. Jan. 4, 2017) ("It is possible that further development of the facts of this case may reveal that it is not an 'egregious case' justifying enhanced damages . . . .").

### III. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's willful infringement claim (D.I. 11) is **DENIED**. It is **SO ORDERED** this 31 day of January, 2017.

Richard G. Andrews
United States District Judge

3